**James T. CLARY, Plaintiff-Appellant,**

v.

**OCEAN DRILLING AND EXPLORATION CO., Defendant-Appellee.**

No. 77–1984.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1980.

---

Jarrell E. Godfrey, Jr., New Orleans, La., John Sturgeon, Ferriday, La., for plaintiff-appellant.

James E. Diaz, Lafayette, La., for defendant-appellee.

Before COLEMAN, Chief Judge, RONEY and FAY, Circuit Judges.

RONEY, Circuit Judge:

■ The plaintiff seaman in this case lost a jury verdict. His appeal asserts as error several trial court rulings against the admission of certain testimony and other evidence. In affirming the judgment which was grounded on a jury finding of no negligence and no unseaworthiness, we make one significant decision. We hold that the Occupational Safety and Health Act (OSHA), 29 U.S.C.A. § 651 *et seq.,* does not apply to the working conditions of seamen on vessels operating on the high seas.

James T. Clary, a roustabout on a submersible drilling vessel, suffered knee injuries when he tripped over a retaining wall on the rig. Stipulated by the parties to be a seaman, Clary sought recovery under the Jones Act and under the general maritime law.

Asserting negligence and unseaworthiness, Clary alleged that it was a violation of OSHA regulations not to have the eight inch high one-fourth inch steel plate, which was welded to the deck and which he tripped over, color coded yellow so as to make it more visible. The trial court, however, refused to allow plaintiff to introduce into evidence the OSHA regulations pertaining to lighting, housekeeping, and color coding of stumbling hazards. The court correctly ruled on sound reasoning that OSHA regulations do not apply to vessels in navigation. *Clary v. Ocean Drilling & Exploration Co.,* 429 F.Supp. 905 (W.D.La. 1977).

The OSHA regulations proffered into evidence by plaintiff do not apply to working conditions of seamen on vessels in navigation for three reasons. First, the Act itself provides that

> Nothing in this chapter shall apply to working conditions of employees with respect to which other Federal agencies . . . exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health.

29 U.S.C.A. § 653(b)(1). The Coast Guard is a federal agency exercising statutory authority over the working conditions of seamen. Coast Guard regulations cover, among other things, standards governing the safety and health of persons working on vessels. 46 C.F.R. §§ 1.01–196.85 (1978). Plaintiff argues, however, that at the time of the mishap the Coast Guard had only issued a notice of a proposed rulemaking to regulate working conditions on vessels located on the outer shelf, and this notice alone did not constitute an "exercise of jurisdiction" sufficient to preempt application of OSHA regulations to such vessels. *Southern Pacific Transportation Co. v. Usery,* 539 F.2d 386 (5th Cir. 1976), *cert. denied,* 434 U.S. 874, 98 S.Ct. 221, 222, 54 L.Ed.2d 154 (1977); *Southern Railway Co. v. OSHRC,* 539 F.2d 335 (4th Cir.), *cert. denied,* 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (1976); *Baltimore & Ohio Railroad v. OSHRC,* 179 U.S.App.D.C. 97, 548 F.2d 1052 (D.C. Cir. 1976). The district court correctly observed that the notice, 40 Fed. Reg. 33681 (1975), merely specified the Coast Guard's intention to adopt Marine Occupational Safety and Health Standards for offshore mobile drilling units and would thus only amend those regulations already promulgated by the Coast Guard relating to safety standards on vessels. *See Clary v. Ocean Drilling & Exploration Co.,* 429 F.Supp. at 909.

Second, the Occupational Safety and Health Review Commission has consistently taken the view that the Coast Guard has jurisdiction over the safety and health of seamen, and thus has disclaimed an intention to promulgate standards applicable to seamen. Ruling that OSHA regulations "apply only to longshoremen and not to crews of vessels, Jones Act seamen," the court in *National Marine Service, Inc. v. Gulf Oil Co.,* 433 F.Supp. 913, 919 (E.D.La. 1977), observed:

> The Occupational Safety & Health Review Commission has consistently recognized that the Coast Guard retains authority, to the exclusion of OSHA, to regulate the safe working conditions of "seamen", as distinguished from "longshoremen". See Prudential Lines, 1975, OSHRC Docket No. 10820, 3 BNA OSHC 1532; T. Smith & Son, 1974, OSHRC Docket No. 2240, 2 BNA OSHC 1177. See also, Transamerican Trailer Transport, 1974, OSHRC Docket No. 4786, 2 BNA OSHC 3007; California Stevedoring & Ballast Company, 1974, OSHRC Docket No. 1132, 1 BNA OSHC 1757.

In *Secretary of Labor v. Prudential Lines, Inc.,* 3 BNA OSHC 1532, 1533 (1975), the Review Commission held that seamen were subject only to the authority of the United States Coast Guard and rejected the Secretary of Labor's attempt to assert OSHA jurisdiction over seamen.

Third, the regulations proffered by Clary do not appear to apply to a special purpose drilling vessel in navigation in the Gulf of Mexico. The regulations pertain to construction work, 29 C.F.R. §§ 1926.10, 1926.-25, 1926.26, 1926.56, 1926.605; shipbreaking, 29 C.F.R. § 1910.15; ship repairing, 29 C.F.R. §§ 1915.1, 1915.51(a); and shipbuilding, 29 C.F.R. §§ 1916.1, 1916.51. The color code of yellow for physical hazards, 29 C.F.R. § 1910.144(a)(3), applies to construction work, ship repairing, shipbuilding, shipbreaking and longshoring. 29 C.F.R. §§ 1910.1, 1910.11–1910.16.

Thus the trial court did not err in deciding that these regulations do not cover a crew member of a vessel in navigation and in excluding the proffered regulations from evidence.

■ Perhaps the most difficult question on this appeal involves the trial court's rulings refusing to allow plaintiff's petroleum

engineer to testify in his direct case but later permitting defendant's petroleum engineer to testify. Plaintiff's engineer would have testified as to whether there had been a violation of provisions of the Accident Prevention Manual of the International Association of Drilling Contractors (IADC). He was not permitted to testify on the ground he was not qualified. The defendant's engineer did testify regarding the standards. The court's later position was probably correct and plaintiff's engineer, with essentially the same qualifications as defendant's, should have been permitted to testify. The mistake does not require reversal, however. Plaintiff did not object when defendant's petroleum engineer testified on direct examination regarding the manual's safety standards. On cross-examination and on re-cross examination, plaintiff's counsel specifically reviewed provisions of the IADC safety regulations with defendant's petroleum engineer. Subsequently, apparently willing to permit the plaintiff's engineer to testify, the court invited rebuttal evidence following the close of defendant's case. Such testimony would undoubtedly have cured the error in refusing to permit the testimony on plaintiff's direct case. The plaintiff refused to put his engineer on at that time. Under these circumstances we conclude that plaintiff's argument on this point must fail.

■ The other points require no discussion. The exclusion of the Kelley Sabre Sub and certain photographic prints from evidence, none of which was listed in the pretrial order, was within the court's discretion to enforce the pretrial order. *Burdis v. Texas & Pacific Railway Co.*, 569 F.2d 320, 323 (5th Cir. 1978); Fed.R.Civ.P. 16.

■ Admission of evidence of plaintiff's maintenance and cure benefits did not constitute error. During the presentation of evidence, all issues, including maintenance and cure, were to be decided by the jury. The parties did not stipulate that the issue of maintenance and cure would be decided by the court until after the close of evidence.

Review of the other evidentiary rulings challenged by the plaintiff shows the district court did not abuse its discretion.

AFFIRMED.