**Raymond J. DONOVAN, Sec'y of Labor, United States Department of Labor**

v.

**TEXACO, INC.**

**Civ. A. No. B–81–233–CA.**

United States District Court,
E. D. Texas,
Beaumont Division.

March 31, 1982.

T. Timothy Ryan, Jr., Sol. of Labor, Washington, D. C., James E. White, Regional Sol., Jack F. Ostrander, Counsel for Safety & Health, Dallas, Tex., Ronnie A. Howell, Little Rock, Ark., for plaintiff.

James D. Garrison, Houston, Tex., for Texaco, Inc.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

This is a suit under section 11(c) of the Occupational Safety and Health Act (OSHA or the Act), 29 U.S.C. § 660(c), alleging that defendant Texaco suspended and fired employee Donald K. Jensenius, an officer on the deep sea tanker SS TEXACO CONNECTICUT because he reported alleged violations of OSHA to the Coast Guard. Texaco has moved for summary judgment on the ground that OSHA, and section 11(c) in particular, does not apply because the Coast Guard's regulation of safety aboard vessels preempts OSHA's application according to section 4(b)(1) of the act, 29 U.S.C. § 653(b)(1). Texaco further contends that even if OSHA applies, the suit is barred by the Secretary's failure to notify the employee of his decision within 90 days, and the failure of the employee to file a complaint within 30 days of his demotion.

### I

The parties have submitted affidavits which show that the facts are largely undisputed. According to the plaintiff, Jensenius was assigned as First Assistant on the SS TEXACO CONNECTICUT on June 12, 1979. While on board, he noticed what he considered to be a number of deficiencies with the operation of the shipboard equipment. Jensenius states that he discussed some of the deficiencies with the Chief Engineer, and then made complaints to the Coast Guard. He states that he informed the Chief Engineer of his communication with the United States Coast Guard. On July 8, 1979, Jensenius was removed from the SS TEXACO CONNECTICUT pending an investigation into his calling the Coast Guard. On August 3, 1979, he received a notice of demotion from Second to Third Assistant Engineer for one year. He was requested to report to the Marine Department Office in Port Arthur on August 27, 1979, to discuss demotion and pay matters. He states that he refused to come unless he was accompanied by his attorney or other representative. Texaco claims it discharged Jensenius on August 28, 1979, because he refused to accept an assignment of Second Assistant Engineer and refused to report to the Marine Department Office.

The defendant's version of the facts is essentially the same. Its affidavit states that the SS TEXACO CONNECTICUT is a deep sea tanker and was at all time in navigation. The affidavit also states that the SS TEXACO CONNECTICUT is a Coast Guard inspected tanker, and that the Coast Guard inspected the tanker on July 3, 1979, and none of the claimed deficiencies were found to exist.

### II

Section 4(b)(1) of the Act, 29 U.S.C. § 653(b)(1), provides, in pertinent part, that: "Nothing in this Act shall apply to working conditions of employees with respect to which other Federal agencies ... exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health." It is now well established that for this preemption to occur, the other agency must actually have exercised its statutory authority. See, e.g., *Columbia Gas of Pa., Inc. v. Marshall*, 636 F.2d 913 (3d Cir. 1980); *Southern Pacific Transportation Co. v. Usury*, 539 F.2d 386 (5th Cir. 1976), *cert. denied sub nom. Seaboard Coast Line Ry. Co. v. Occupational Safety & Health Review Comm.*, 434 U.S. 874, 98 S.Ct. 221, 54 L.Ed.2d 154 (1977); *Southern Railway Co. v. Occupational Safety and Health Review Comm.*, 539 F.2d 335 (4th Cir. 1976), *cert. denied*, 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (1977).

The plaintiff has not argued that the Coast Guard is not a Federal agency exercising its statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health on board vessels. The Fifth Circuit has held, in *Clary v. ODECO*, 609 F.2d 1120 (5th Cir. 1980), that OSHA regulations do not apply to vessels in navigation. Their reasoning was threefold. First, the court noted that the Coast Guard exercised statutory authority over the working conditions of seamen. *See id.* at 1122, *citing* 46 C.F.R. §§ 1.01 -196.85 (1978). Second, the *Clary* court noted that the Oc-

cupational Health & Safety Review Commission itself disclaimed jurisdiction over seamen. *See id., citing Secretary of Labor v. Prudential Lines, Inc.,* 3 BNA OSHC 1532, 1533 (1975). Third, the regulations cited in the *Clary* case did "not appear to apply to a ... drilling vessel in navigation" because the regulations involved construction work. *Clary, supra.*

 The Secretary appears to admit that the Coast Guard has exercised its authority to regulate vessels and seamen, but argues that the Occupational Health and Safety Review Committee has concurrent jurisdiction. The Court is of the opinion that according to 29 U.S.C. § 653(b)(1), there can be concurrent jurisdiction. The case of *Marshall v. N. L. Industries, Inc.,* 618 F.2d 1220 (7th Cir. 1980), is not to the contrary, as that case only held that the Secretary's section 11(c), 29 U.S.C. § 660(c)(1), action is not barred by a prior arbitration award.

The Secretary's most cogent argument is that although OSHA regulations governing the workplace do not apply to seamen, section 11(c) of the Act does. In fact, the Secretary has promulgated a regulation which states that "[c]omplaints registered with other Federal agencies which have the authority to regulate or investigate occupational safety and health conditions are 'related to' this Act." 29 C.F.R. 1977.9(b). *See also* 29 C.F.R. 1977.18. The Secretary also relies on *Marshall v. American Atomics, Inc.,* 8 BNA OSHC 1243, 1980 CCH ¶ 24,254 (D.C.Ariz.1980), where a similar motion to dismiss was denied because the exemption in 29 U.S.C. § 653(b)(1) was limited to "working conditions."

 The Court is of the opinion that section 11(c), 29 U.S.C. § 660(c)(1), does not give the Secretary jurisdiction in this case. The Coast Guard has preempted regulation by the Occupational Health and Safety Review Committee. Section 11(c), which gives the Secretary the right to bring a suit for retaliatory discharge, is limited to complaints "under or related to this Act." The Secretary's regulations notwithstanding, Jensenius' complaint was not under or related to the Act.

 As further support for this result, the Court notes that the Act, including section 11(c), 29 U.S.C. § 660(c)(1), does not apply to vessels in navigation, as it only applies to employment performed in a workplace in a state or on the Outer Continental Shelf land. 29 U.S.C. § 653(a).

Because the Court finds that the Secretary has no jurisdiction to bring this suit under section 11(c), 29 U.S.C. § 660(c)(1), the defendant's motion for summary judgment must be granted.