REVISED - June 12, 20000

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-60124

_____

MALLARD BAY DRILLING, INC.,

Petitioner,

VERSUS

ALEXIS HERMAN, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF
LABOR,

Respondent.

_____

Appeal from the Occupational Safety and
Health Review Commission
_____

June 2, 2000

Before POLITZ and DAVIS, Circuit Judges, and RESTANI.[*]

W. EUGENE DAVIS, Circuit Judge:

Mallard Bay Drilling, Inc. ("Mallard") appeals the order of the Occupational Safety and Health Review Commission affirming a citation issued against it by the Occupational Safety and Health Administration ("OSHA"). The order affirmed the decision of the Administrative Law Judge, which found that Mallard's drilling barge -- the MR. BELDON -- was a "workplace" within the meaning of the Occupational Safety and Health Act ("OSH Act")[1] and that OSHA's

_____

[*]The Honorable Jane A. Restani, Judge, U.S. Court of International Trade, sitting by designation.

[1]29 U.S.C. § 651 _et seq._

jurisdiction was not preempted by the Coast Guard's regulatory authority over vessels. For the reasons that follow, we reverse.

I.

On June 16, 1997, four Mallard employees were killed and two others seriously injured in an explosion on the MR. BELDON, a Mallard drilling barge. On that date, the MR. BELDON was drilling an oil well on Little Bayou Pigeon, a navigable waterway within the territorial waters of Louisiana. The explosion occurred while crew members tried to regain control of the well after a blow out. The Coast Guard took the lead role in investigating the explosion. Based on the information collected by the Coast Guard, OSHA issued a citation against Mallard charging three violations of the OSH Act. Mallard did not challenge the merits of the allegations; rather, it asserted that OSHA lacked authority to regulate working conditions aboard the MR. BELDON. It also argued that the MR. BELDON was not a "workplace" within the meaning of Section 4(a) of the OSH Act.[2]

The ALJ affirmed the citation, finding that the MR. BELDON was a "workplace," that Mallard's employees were not seamen, and that OSHA's jurisdiction was not preempted by the Coast Guard's regulatory authority over vessels. Mallard then filed a Petition for Discretionary Review with the Occupational Safety and Health Review Commission, which was denied. Mallard now appeals.

II.

_____

[2] 29 U.S.C. § 653(a).

2

Mallard contends that the United States Coast Guard has exclusive jurisdiction over the regulation of working conditions of seamen aboard vessels such as the MR. BELDON, thus precluding OSHA's regulation under Section 4(b)(1) of the OSH Act.[3]  As our discussion below demonstrates, precedents from this Court compel us to agree.

By its own terms, the OSH Act does not apply to "working conditions of employees with respect to which other Federal agencies...exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health."[4] Under 14 U.S.C. § 2, the Coast Guard "shall administer laws and promulgate and enforce regulations for the promotion of safety of life and property on and under the high seas and waters subject to the jurisdiction of the United States covering all matters not specifically delegated by law to some other executive department...."

It is uncontested that the Coast Guard had jurisdiction to investigate the marine casualty in this case, pursuant to 46 U.S.C. § 6301.  The dispute concerns whether the Coast Guard's jurisdiction is exclusive.  Our case law is controlling on this point.  Pursuant to the statutory grant of authority recited above, the Coast Guard has exclusive authority over the working conditions of seamen.  See  Clary v. Ocean Drilling and Exploration Co., 609

---

[3] 29 U.S.C. § 653(b)(1).

[4] 29 U.S.C. § 653(b)(1).

3

F.2d 1120 (5th Cir. 1980); <u>Donovan v. Texaco, Inc.</u>, 720 F.2d 825 (5th Cir. 1983). "OSHA regulations do not apply to <u>working conditions</u> of <u>seamen</u> on <u>vessels</u> in navigation." <u>Donovan</u>, 720 F.2d at 826, 827 (emphasis added); <u>see also</u> <u>Clary</u>, 609 F.2d at 1121.

As in <u>Clary</u>, the "vessel" in this case is a drilling barge. The employees working on the MR. BELDON are "seamen" under our case law. <u>See</u> <u>Colomb v. Texaco, Inc.</u>, 736 F.2d 218 (5th Cir. 1984); <u>Producers Drilling Co. v. Gray</u>, 361 F.2d 432 (5th Cir. 1966). The safety procedures at issue in this case relate to "working conditions" of seamen.

In <u>Clary</u>, the plaintiff seaman brought suit for injuries sustained aboard a drilling barge on which he was working. 609 F.2d at 1121. He alleged that OSHA regulations were violated because the steel plate welded to the deck (which he tripped over) was not color coded yellow so as to make it more visible. <u>Id</u>. This Court ruled that the district court was correct in refusing to allow the plaintiff to introduce the OSHA regulations into evidence because "OSHA regulations ... do not apply to working conditions of seamen on vessels in navigation...." <u>Id</u>. at 1122. We reasoned that the Coast Guard was the federal agency with statutory authority over the working conditions of seamen, and that its regulations included standards governing the safety and health of persons working on vessels. <u>Id</u>. Because <u>Clary</u> is indistinguishable from the case at bar, its holding controls our decision.

Respondent attempts to distinguish <u>Clary</u> by arguing that this

4

Court, in ruling that OSHA lacked authority to regulate the working conditions of seamen, did not specifically consider whether its holding applied equally to uninspected and inspected vessels. Thus, respondent argues that Clary does not bind our decision as to the uninspected vessel at issue in today's case.

The vessel in Clary was a drilling barge -- the same type of vessel at issue in this case -- and there is no indication from Clary that the barge in that case was inspected. Further, the broad language of Clary does not turn on any such distinction.[5]

Furthermore, the Coast Guard is no stranger to uninspected vessels. It is expressly authorized to issue safety regulations for uninspected vessels for: (1) the number, type and size of fire extinguishers; (2) the type and number of life preservers; (3) flame arrestors, backfire traps; (4) ventilation of engine and fuel tank compartments; and (5) the number and types of alerting and locating equipment for vessels on the high seas. 46 U.S.C. § 4102. Further, the Coast Guard has issued a number of safety regulations for uninspected vessels, including those related to: life preservers and other lifesaving equipment; emergency alerting and locating equipment; fire extinguishing equipment; backfire flame control; ventilation of tanks and engine spaces; cooking, heating, and lighting systems; safety orientation and emergency instructions; action required after an accident; and signaling

---

[5]The additional finding in Clary that the OSHA regulations cited by the plaintiff did not apply to a special purpose vessel does not supplant Clary's holding that the OSH Act "does not apply to the working conditions of seamen on vessels operating on the high seas," which Clary described as the "one significant decision" made therein. 609 F.2d at 1121, 1122.

5

lights.  See 46 C.F.R. §§ 25.01 et seq; 46 C.F.R. §§ 26.01 et seq.
Thus, the Coast Guard has authority to issue safety regulations for
uninspected vessels, as well as inspected vessels, and it has in
fact exercised this authority.[6]  The fact that the MR. BELDON is an
uninspected vessel is therefore no basis upon which to distinguish
Clary.

In Donovan, this Court revisited the applicability of OSHA
regulations to the working conditions of seamen.  720 F.2d 825.
Although Donovan's facts are distinguishable from the facts of this
case, we made it perfectly clear that we were reaffirming the
principles we laid down in Clary.  We stated that "[i]t is the law
of this circuit that OSHA regulations do not apply to working
conditions of seamen on vessels in navigation ...."  Id. at 826.
"Nothing in OSHA shall apply to working conditions of seamen on
vessels."  Id.  at 827.   "[T]he Coast Guard's comprehensive
regulation and supervision of seamen's working conditions [creates]
an industry-wide exemption [from OSHA] for seamen serving on
vessels operating on navigable waters."  Id. at 826.

We gave a number of reasons in Donovan for our conclusion that
the Coast Guard's jurisdiction is exclusive in this area:

> "Section 4(b)(1) evidences a general Congressional
> intent to forbid overlapping regulation of working
> conditions in any given industry by multiple federal
> agencies.  Such redundant control programs offer
> little except confusion, governmental proliferation,

---

[6]Because a drilling barge is not self-propelled, some of these regulations, by their nature, do not apply to the MR. BELDON.  However, this does not change the fact that the Coast Guard has exercised its authority to issue safety regulations for uninspected, as well as inspected, vessels.

and stultification of enterprise." <u>Donovan</u>, 720 F.2d at 827.

We explained that overlapping regulation "might well produce [the] ... anomaly ... of steaming in and out of OSHA coverage." <u>Donovan</u>, 720 F.2d at 829.

"[A] single, uniform set of rules should govern the maritime workplace. Because of OSHA's geographic limitations ... this cannot be those of OSHA ....[thus] we conclude that it must be those of the Coast Guard." <u>Donovan</u>, 720 F.2d at 829.

Because OSHA has no jurisdiction in this matter, we need not address Mallard's contention that the MR. BELDON was not a "workplace" within the meaning of Section 4(a) of the OSH Act.[7]

### III.

For the reasons stated above, we hold that OSHA lacked authority to regulate the working conditions of the employees aboard the MR. BELDON; rather, such authority rests solely with the United States Coast Guard. Our precedents are clear on this point and admit of no exception for this case. Thus, the citation OSHA issued against Mallard is VACATED, and the order of the Occupational Safety and Health Review Commission is REVERSED and judgment is RENDERED in favor of Mallard.

---

[7]Under Section 4(a), the OSH Act applies "with respect to employment performed in a workplace in a State." 29 U.S.C. § 653(a).