**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 00-60535

---

ELAINE CHAO, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,

Plaintiff-Appellee,

VERSUS

TRANSOCEAN OFFSHORE, INC.,

Defendant-Appellant

---

Appeal from the United States District Court
For the Southern District of Mississippi

---

January 9, 2002

Before KING, Chief Judge, DAVIS, Circuit Judge, and VANCE[*],District Judge.

W. EUGENE DAVIS:

Defendant-Appellant, Transocean Offshore, Inc.(Transocean), owner of the M/V DISCOVERER ENTERPRISE, appeals from a judgment of civil contempt and award of attorneys fees and costs to the Secretary of Labor. The judgment resulted from Transocean's refusal to honor a warrant obtained by the Occupational Safety and

---

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

Health Administration (OSHA) to inspect the work areas of Ingalls Shipbuilding, Inc.'s (Ingalls) employees who were working aboard Transocean's vessel at Ingalls' drydock. The issue we must decide is whether OSHA had jurisdiction to inspect the decks of the M/V DISCOVERER ENTERPRISE, an "inspected vessel" and subject to inspection by the United States Coast Guard. The cases Transocean relies upon hold that OSHA regulations do not apply to permit OSHA to inspect vessels to evaluate working conditions of seamen on those vessels. However, those cases are distinguishable from today's case because here OSHA was inspecting the workplace of shipyard workers as authorized by statute and its regulations. We therefore affirm the judgment of the district court.

I.

On February 23, 1999, OSHA inspectors appeared at the shipyard of Ingalls in Pascagoula, Mississippi to inspect the work areas of Ingalls' employees. Shipyard employees engaged in ship repair and renovation work typically perform their work aboard vessels owned by parties other than their employer. The OSHA inspectors planned to inspect the workplace of the Ingalls ship repair personnel aboard vessels in the Ingalls' drydock. On March 9, 1999, when the inspectors began to inspect the area where the M/V DISCOVERER ENTERPRISE was in dry dock, the vessel's owner, Transocean, refused to authorize OSHA personnel to board its vessel.

In April 1999, the district court granted the Secretary of the Department of Labor's (the Secretary) application for an

2

Administrative Inspection Warrant to inspect the vessel. Transocean moved to quash the warrant arguing that OSHA had no jurisdiction over the vessel. The district court denied the Motion to Quash. On April 30, 1999, OSHA inspectors sought to execute the warrant which directed them to inspect Ingalls' workplace aboard the M/V DISCOVERER ENTERPRISE and Transocean refused to honor the warrant.

Over a year later the district court issued an order finding Transocean in civil contempt and directed the Secretary to submit documentation supporting an award of attorneys fees and costs. Before that award was rendered, Transocean filed a Notice of Appeal from the Order of Civil Contempt. This court remanded the case to the district court to determine sanctions and attorneys fees. On remand the district court determined that the Secretary's affidavits supported the requested award of $2,339.74 for costs and fees and it rendered judgment in that amount. Pursuant to our remand order, the record from the district court was transmitted to this court for review.

## II.

The only significant issue in this appeal is whether OSHA had jurisdiction to board the M/V DISCOVERER ENTERPRISE, as the warrant dictated, to inspect the workplace of Ingalls' employees.

Transocean relies on a number of cases from this circuit holding that the Coast Guard has exclusive jurisdiction to regulate the working conditions of seamen aboard vessels and OSHA has no

jurisdiction to inspect or regulate those conditions. See Clary v. Ocean Drilling and Exploration Co., 609 F.2d 1120 (5th Cir. 1980), Donovan v. Texaco, Inc., 720 F.2d 825 (5th Cir. 1983); Mallard Bay Drilling, Inc. v. Herman, 212 F.3d 898 (5th Cir. 2000), *writ granted*, 121 S.Ct. 1075 (2001).

In Clary, the plaintiff seaman sued for injuries he received aboard a drilling barge on which he was working. He alleged violations of OSHA regulations in that a steel plate welded to the deck was not color coded, as required by OSHA regulations. This court affirmed the district court's refusal to permit the plaintiff to introduce the OSHA regulations into evidence because "OSHA regulations do not apply to working conditions of seamen on vessel in navigation." 609 F.2d 1121. We reasoned that the Coast Guard was a federal agency with authority over the working conditions of seamen. Id. at 1122.

In Mallard Bay, Mallard appealed the order of OSHA affirming a citation issued against it for violating OSHA regulations. The violation arose out of an explosion which occurred aboard a drilling barge while the crew was trying to regain control of the well after a blowout. We vacated the citation and reversed. Consistent with Clary, we held that OSHA regulations do not apply to working conditions of seamen on a vessel in navigation and that OSHA therefore had no jurisdiction to issue the citation against the vessel owner. 211 F.3d at 900-01.

4

After a careful review of the above cases we are satisfied that they do not control today's case. First, the warrant did not direct OSHA to inspect the workplace of seamen; rather it directed OSHA to inspect the workplace of shipyard employees aboard the M/V DISCOVERER ENTERPRISE. Second, OSHA's jurisdiction to adopt safety regulations for ship building and ship repair employees is uncontradicted. Congress expressly authorized such regulations, See 33 U.S.C. § 941.

Third, we agree with the Fourth Circuit's reasoning in upholding OSHA'S authority to investigate working conditions of ship repairmen on a vessel.

> [W]here differing workforces occupy a single space at separate times, and where each workforce is clearly regulated in its "natural" environment by a separate regulatory body, OSHA's regulatory power is not displaced as to the workers who otherwise fall within its ambit. Thus, as Taylor indicates, it is not inconsistent to find that Coast Guard regulations govern seamen in the course of their duties on ship while also finding that OSHA regulations control standards relating to the working environments of longshoremen while they are engaged in their assigned duties within the body of the ship.

Reich v. Muth, 34 F.3d 240, 244 (4th Cir. 1994).

Transocean also argues that because its own equipment aboard the vessel - along with Ingalls' equipment - was subject to inspection, it was justified in dishonoring the warrant because of its concern that OSHA would use the inspection to issue citations to Transocean. We agree with the district court that individuals cannot violate court orders because they are concerned about what

5

an investigation may disclose. A warrant is valid if it is supported by probable cause and it describes the area to be searched with reasonable particularity. See Marshall v. Barlow's, Inc., 436 U.S. 307, 320-323(1978). Because OSHA had jurisdiction to exert enforcement authority over the workplace of Ingalls' employees, the merits of any charges that might be brought based on the inspection are not proper subjects of litigation in a challenge to the warrant. Marshall v. Burlington Northern, Inc., 595 F.2d 511, 513(9th Cir. 1979).

## III.

We also reject Transocean's argument that because it acted in good faith in refusing to honor the subpoena so that it could avail itself of judicial remedies, the district court erred in finding it in civil contempt. Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order. Whitfield v. Pennington, 832 F.3d 909 (5th Cir. 1987). Transocean was obliged to obey the court's order unless it obtained a stay of that order. Transocean obtained no stay and had no absolute right to a stay. Donovan v. Fall River Foundry Co., Inc., 696 F.2d 524 (7th Cir. 1982).

## IV.

For the reasons stated above, the judgment of the district court is affirmed.

AFFIRMED.