FILED
United States Court of Appeals
Tenth Circuit

February 12, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRACY KEITH,

      Plaintiff - Appellee,

v.

RICHARD D. KOERNER,

      Defendant - Appellant,

and

ANANSTACIO GALLARDO,

      Defendant.

No. 12-3101

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 2:11-CV-02281-KHV-JPO)**

John Wesley Smith, Assistant Attorney General (Michael J. Smith, Assistant Attorney General, and Jeffery A. Chanay, Deputy Attorney General, on the briefs) Office of Attorney General Derek Schmidt, Topeka, Kansas, for Defendant - Appellant.

Paul W. Hughes (Charles A. Rothfeld, Miriam R. Nemetz, and Michael B. Kimberly of Mayer Brown, L.L.P., Washington, D.C.; John Kurtz of Hubbard & Kurtz, L.L.P., Kansas City, Missouri, with him on the briefs), for Plaintiff - Appellee.

Before **KELLY**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

**KELLY**, Circuit Judge.

Plaintiff-Appellee Tracy Keith, a former inmate, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of her rights under the Eighth Amendment. App. 2. She named as Defendants former warden Richard Koerner and other Kansas Department of Corrections employees. Id. Mr. Koerner appeals from the district court's denial of qualified immunity. See Keith v. Werholtz, No. 11-2281-KHV, 2012 WL 1059858 (D. Kan. Mar. 28, 2012). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Background

Ms. Keith was an inmate at the Topeka Correctional Facility ("TCF"), an all-female state prison, between November 2006 and May 2010. App. 5. While there, she participated in a vocational training program. Id. at 23. Her instructor, Ananstacio Gallardo, engaged in unlawful sexual acts with Ms. Keith in October of 2007, and she became pregnant as a result. Id. at 7, 23. The pregnancy was terminated. Id. at 7. The Topeka Police Department then conducted an investigation which ultimately led to Mr. Gallardo pleading guilty in June 2008 to a charge of unlawful sexual relations and two charges of trafficking contraband. Id. at 23, 126–37.

In May 2011, Ms. Keith filed a civil rights complaint alleging that prison employees violated her constitutional rights. Id. at 1–39. Specifically, she alleged that Defendants created and allowed a policy or culture of sexual misconduct at TCF which placed her at substantial risk of harm, failed to take reasonable measures to abate the culture of sexual misconduct, and were deliberately indifferent to this substantial risk of harm. Id. at 34–35. She incorporated as part of her complaint a 2010 Kansas Legislative Post Audit Report ("Audit Report") that contained multiple findings regarding the situation at TCF during and subsequent to her incarceration. Id. at 23–31. Among other things, Ms. Keith alleged facts indicating previous incidents of both sexual misconduct and undue familiarity, inconsistent disciplinary responses to such incidents, structural policy problems at TCF, and a lack of appropriate training programs. Id. at 13–31. Defendants filed a motion to dismiss, arguing in part that they were entitled to qualified immunity. Id. at 51–59. The district court granted qualified immunity to all remaining Defendants except Mr. Koerner and Mr. Gallardo and entered a default judgment against Mr. Gallardo. Keith, 2012 WL 1059858, at *7; App. 274.

## Discussion

The denial of qualified immunity is an appealable final order under 28 U.S.C. § 1291 if it turns on legal issues. Brown v. Montoya, 662 F.3d 1152, 1162

-3-

(10th Cir. 2011). Determining whether a complaint sufficiently alleges a clearly established violation of law is an issue of law and, therefore, an appealable final decision over which we have jurisdiction. Ashcroft v. Iqbal, 556 U.S. 662, 674–75 (2009). We review this decision de novo, applying the same standards as the district court. Brown, 662 F.3d at 1162.

"In resolving a motion to dismiss based on qualified immunity," the court considers (1) "whether the facts that a plaintiff has alleged make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. at 1164 (quotation omitted); see also Pearson v. Callahan, 555 U.S. 223, 232, 236 (2009) (describing the two-part test to analyze a qualified immunity defense and holding that courts can undertake it in either order).

As an initial matter, it is clearly established that a prison official's deliberate indifference to sexual abuse by prison employees violates the Eighth Amendment. See Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008); see also Ortiz v. Jordan, 131 S. Ct. 884, 892–93 (2011). Such a violation occurs where "the official knows of and disregards an excessive risk to inmate health or safety," and there is an affirmative link between the constitutional deprivation and the supervisor's actions. Tafoya, 516 F.3d at 916 (quotation omitted); see also Dodds v. Richardson, 614 F.3d 1185, 1198 n.6, 1204 (10th Cir. 2010). This "affirmative link" has had three related, indistinct prongs in our case law: "(1)

-4-

personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." Dodds, 614 F.3d at 1195, 1199. We have held that a plaintiff may establish the first prong with evidence that "the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy" that caused the constitutional harm. Id. at 1199. The question here, then, is whether Ms. Keith has alleged facts sufficient to support such a deliberate indifference violation by Mr. Koerner.

To state a claim, a plaintiff must only allege enough factual matter in her complaint to make her "claim to relief . . . plausible on its face" and provide fair notice to a defendant. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The district court found that Ms. Keith did so. Keith, 2012 WL 1059858, at *7. In particular, it noted that she alleged facts that could tend to establish that Mr. Koerner "was responsible for managing TCF and knew about multiple instances of sexual misconduct at TCF over a period of years, inconsistently disciplined corrections officers who engaged in prohibited sexual conduct with inmates and thus purportedly tolerated at least an informal policy which permitted sexual contact between prison staff and inmates." Id.

On appeal, Mr. Koerner argues that Ms. Keith relies heavily on the Audit Report, created years after the events of which she complains and including events and statistics that post-date those events. Aplt. Br. 15. He suggests that applying a standard of objective reasonableness, the mere number of incidents is

insufficient to demonstrate an unreasonable response to a substantial risk, id. at 16, a point with which we agree. He further argues that the complaint omits the response of the Secretary of Corrections, the inconsistent discipline in the report deals with claims of undue familiarity, not sexual misconduct, and is not specific as to the time period. Id. at 17–18. Moreover, the incidents relied upon *were* reported, investigated, and acted upon, demonstrating a reasonable response, and certainly not one that suggests deliberate indifference. Id. at 18–19.

Mr. Koerner characterizes Ms. Keith's argument as: because Mr. Koerner had the responsibility for managing the facility and imposing discipline, and did in fact discipline employees for undue familiarity and sexual misconduct, he must have been aware of Mr. Gallardo's criminal intent and did nothing to prevent it. Aplt. Reply Br. 4–5. Of course, that alone would be insufficient to withstand a motion to dismiss. But there is more.

We have reviewed the complaint and conclude that on a motion to dismiss, Ms. Keith has provided notice and nudged her claims beyond the conceivable to the plausible given that we must accept well-pleaded allegations as true. First, Ms. Keith's complaint refers to facts, primarily from the Audit Report, that could support a conclusion that Mr. Koerner was aware of multiple incidents of unlawful sexual conduct at TCF. Aplee. Br. 8–9. For example, Ms. Keith points to reports of at least 54 incidents of sexual misconduct and 33 incidents of undue familiarity between 2005 and 2009 and to a 2005 lawsuit over

strip searches at TCF, suggesting that Mr. Koerner may have had knowledge of these accounts. App. 87, 14.[1] Second, Ms. Keith alleges facts indicating that discipline in response to complaints of sexual misconduct and undue familiarity at TCF was inconsistent. Aplee. Br. 9–11. In particular, she points to the Audit Report which describes multiple failures to properly investigate allegations and to terminate employees when allegations were substantiated. App. 13–17, 26–28. Third, Ms. Keith alleges facts that tend to show the existence of structural policy problems that contributed to the unlawful sexual conduct here. Aplee. Br. 11–12. Specifically, she again cites to the Audit Report which determined that policy decisions—particularly decisions not to address known problems with the vocational training program and the insufficient use of cameras to monitor inmates and staff—made TCF "ripe for staff misconduct." App. 19, 23–24. Fourth, Ms. Keith alleges that the lack of training programs tailored to the all-female population of TCF contributed to the misconduct here. Aplee. Br. 13–14; App. 29. These allegations go beyond formulaic labels and conclusions and meet our intermediate pleading standard. See Twombly, 550 U.S. at 555; Khalik v.

---

[1] We note that many of the objections of Mr. Koerner are better suited to a summary judgment motion where the substance of allegations must be admissible. For example, the repeated claim that Mr. Koerner had knowledge of all these incidents based upon "information and belief" would be insufficient to comply to the requirement that statements be made based upon personal knowledge. Fed. R. Civ. P. 56(c)(4); Tavery v. United States, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994).

United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).

Mr. Koerner's arguments to the contrary do not carry the day. He argues that although he may have had knowledge of other incidents of sexual misconduct, he had no indication of potential harm to Ms. Keith specifically. Aplt. Br. 18. But an "official's knowledge of the risk need not be knowledge of a substantial risk to a *particular* inmate, or knowledge of the particular manner in which injury might occur." Tafoya, 516 F.3d at 916.

He further argues that due to inconsistent facts, the evidence will ultimately show the reasonableness of his response. Aplt. Br. 17–19. As noted, he maintains that the disciplinary inconsistencies primarily regarded claims of undue familiarity rather than sexual misconduct. Aplt. Br. 18. He also challenges Ms. Keith's selective reading of the Audit Report which came out three years after the events in question. Aplt. Br. 16–17. But these disputes involve issues of admissibility and of what inferences to draw from the facts. In sum, these are matters for later in these proceedings. Smith v. United States, 561 F.3d 1090, 1104 (10th Cir. 2009).

The cases Mr. Koerner relies upon for a contrary result are not persuasive in these circumstances. For example, in Hovater v. Robinson, a former female inmate sued the county sheriff under § 1983 after being assaulted by a detention officer. 1 F.3d 1063 (10th Cir. 1993). This court held that there was no basis for showing a substantial risk of harm to an inmate based solely on the premise that

every female inmate faces a risk of harm from every male prison guard. Id. at 1068. Ms. Keith's complaint, however, is based on much more than the fact she was a female inmate. Likewise, in Barney v. Pulsipher, we held that the plaintiff presented no evidence of the actual knowledge required for § 1983 liability for deliberate indifference. 143 F.3d 1299, 1310 (10th Cir. 1998). Here, however, Ms. Keith has alleged facts that, if established, might lead to a determination of actual knowledge. And, unlike both Hovater and Barney, we are not at the summary judgment stage. At this point, Ms. Keith has alleged facts sufficient to state a plausible claim to relief and survive a motion to dismiss. See Gonzales v. Martinez, 403 F.3d 1179, 1186–87 (10th Cir. 2005) (holding pleadings were sufficient to permit a claim against a sheriff for deliberate indifference when a sexual assault occurred because he ignored similar complaints in the past).

Two final matters require our attention. First, Mr. Koerner also argued before the district court that he was entitled to dismissal because Ms. Keith's claims should be barred by a two-year statute of limitations. The district court, however, found that Ms. Keith sufficiently alleged a factual basis for tolling the statute. Keith, 2012 WL 1059858, at *5; see also App. 4–5. Mr. Koerner "requests that this Court take up the statute of limitations as a pendent issue only if this Court reverses the district court's denial of qualified immunity." Aplt. Br. 3; see also id. at 5. It is unclear why we would need to reach the statute of limitations issue if we were to reverse and grant Mr. Koerner qualified immunity.

-9-

Nevertheless, because we affirm the denial of qualified immunity, we do not reach this issue. Moreover, because the district court's ruling on the statute of limitations is neither "inextricably intertwined with the appealable decision" nor "necessary to ensure meaningful review of the appealable one," pendent appellate jurisdiction is unavailable. Tarrant Reg'l Water Dist. v. Sevenoaks, 545 F.3d 906, 915 (10th Cir. 2008) (quotations omitted).

Finally, Ms. Keith attempts to supplement her brief. Fed. R. App. P. 28(j). The material submitted—correspondence from the federal government—is not proper new authority but rather additional evidence not submitted to the district court. Therefore, we do not consider it. See Utah v. U.S. Dep't of Interior, 535 F.3d 1184, 1195 n.7 (10th Cir. 2008).

AFFIRMED. Mr. Koerner's motion to strike is GRANTED.