FILED
United States Court of Appeals
Tenth Circuit

October 15, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JON ANDREW COTTRIEL,

Plaintiff-Appellant,

v.

JUSTIN JONES, Director,

Defendant-Appellee.

No. 14-6037
(D.C. No. 5:03-CV-00125-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

Jon Andrew Cottriel, an Oklahoma prisoner proceeding pro se, appeals the

district court's order denying his motion to hold the Director (Director) of the

Oklahoma Department of Corrections (ODOC) in contempt for violating a permanent

injunction requiring that he be provided kosher meals. Because the order under

review disposed of all relief sought in a post-judgment motion, we take jurisdiction

over this appeal. *See* 28 U.S.C. § 1291 (providing appellate jurisdiction over "final

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

decisions of the district courts"); *cf. Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (holding order finding party in contempt during the post-judgment stage was appealable).

## I.    Background

This matter arises from a permanent injunction entered February 8, 2006, that required the Director, in his official capacity, to provide Mr. Cottriel a kosher diet at no cost to Mr. Cottriel.  The injunction required that the kosher diet comply with the nutritional requirements of the diets served to other inmates.  R. at 942.  On March 27, 2013, Mr. Cottriel filed an Application to Hold Defendant in Contempt alleging that the meals served to him were not kosher and did not provide sufficient nutrition.  He claimed that some of the food served to him was not kosher because (1) non-kosher utensils were used to prepare and serve it; (2) the inmate preparing and serving the kosher meals was not properly trained and supervised; and (3) the Shabbos and holiday meals did not include the required "wine (non-alcoholic or grape juice), two loaves of bread (or rolls or whole matzos), fish and meat," *id.* at 1211.  Mr. Cottriel asserted that he was required to supplement the prison meals with kosher food he paid for with his personal funds.

A magistrate judge recommended denying Mr. Cottriel's contempt motion. Mr. Cottriel sought review by the district court, which then ordered the Director to address in writing Mr. Cottriel's assertions that inmate Marvin Gibson was not properly trained or supervised, the kitchen utensils were not kosher, and the Shabbos

and holiday meals did not meet recognized nutritional requirements. The Director responded that the prison had complied with the permanent injunction by training inmate Gibson to comply with the prison's kosher diet protocol when preparing kosher meals for Mr. Cottriel and other inmates on a kosher diet. Inmate Gibson was supervised by a prison-food-service manager, Baldemar Hernandez, and the kosher meals were prepared in a separate kitchen area with utensils separate from the non-kosher meals. Moreover, pursuant to the affidavit of William Weldon, prison Food Service Manager III, inmate Gibson had been trained in the preparation and service of kosher meals and he understood and followed the accepted protocol. The Director further asserted that the kosher meals were nutritionally adequate and that prison officials had attempted to resolve Mr. Cottriel's complaints about the kosher diet within the rules and protocols applicable to kosher diets. In addition, after the court ordered the Director to respond, Mr. Cottriel met with prison officials to address and correct his concerns about kosher meals.

The district court found that Mr. Cottriel had conceded that the prepackaged kosher food served to him was generally acceptable and that the prison kitchen staff had taken all reasonable steps to ensure that it complied with the permanent injunction. Further, the court found that the prison kitchen had a separate preparation area for the kosher meals and the kosher meals exceeded the required nutritional guidelines. Finally, the court rejected Mr. Cottriel's claim that inmate Gibson had not been properly trained or supervised by a qualified kosher supervisor.

Accordingly, the district court adopted the magistrate judge's recommendation and denied Mr. Cottriel's motion to hold the Director in contempt. Mr. Cottriel appeals, renewing his arguments presented to the district court.

## II.    Discussion

We liberally construe Mr. Cottriel's pro se filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Cottriel's contempt motion was properly characterized as seeking a finding of civil, rather than criminal, contempt. "A contempt sanction is considered civil if it is remedial and for the benefit of the complainant." *Federal Trade Comm'n v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004) (brackets and internal quotation marks omitted).

> We review a district court's determination of civil contempt for abuse of discretion. A district court abuses its discretion if the court's adjudication of the contempt proceedings is based upon an error of law or a clearly erroneous finding of fact. As the moving party in this case, [Mr. Cottriel] had the initial burden of proving, by clear and convincing evidence, that a valid court order existed, that [the Director] had knowledge of the order, and that [the Director] disobeyed the order. Once [Mr. Cottriel] made that showing, the burden then shifted to [the Director] to show either that he had complied with the order or that he could not comply with it.

*ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1210 (10th Cir. 2011) (citations and internal quotation marks omitted); *see also Reliance Ins. Co. v. Mast Constr. Co.*,

159 F.3d 1311, 1315 (10th Cir. 1998) ("We review the district court's denial of a civil contempt motion for an abuse of discretion.").  Neither party disputed that Mr. Cottriel met his burden to prove that a valid court order existed and that the Director had knowledge of it.  The disputed element was whether the Director was in compliance with the permanent injunction.

Mr. Cottriel challenges the district court's determination that the Director was not in contempt, arguing:  (1) the court did not have sufficient information to determine that the kosher meals served to Mr. Cottriel complied with the nutritional and caloric requirements of the permanent injunction; (2) he submitted a photograph of a non-kosher meat slicer in the area designated as separate for kosher food preparation; (3) the kosher food preparation did not follow the protocol approved by Chaplain Gary Friedman, Chairman, Jewish Prisoner Services International, for preparation and supervision of kosher meals; and (4) a qualified kosher supervisor must be available to verify that the meals are kosher.[1]

Mr. Cottriel claims the district court had insufficient information to support a finding that the kosher meals were nutritionally adequate.  The court relied on documents showing that the Kosher Master Menu exceeded ODOC's nutritional guidelines, and thus complied with the permanent injunction's mandate that the "diet

---

[1]    Mr. Cottriel pursues on appeal his claim that Shabbos and holiday meals did not include the required "wine (non-alcoholic or grape juice), two loaves of bread (or rolls or whole matzos), fish and meat," Aplt. Opening Br. at 4, but he has not identified any authority requiring these components.

[provided to Cottriel] shall comply with all nutritional requirements and standards currently applicable to the diets served to all other inmates in . . . [ODOC] custody." R. at 1418-19 (internal quotation marks omitted). Mr. Cottriel's claim on appeal that the court was not informed of what he "was actually being served," Aplt. Opening Br. at 6, without evidentiary or legal support, is inadequate appellate argument. *See Simpson v. T.D. Williamson Inc.*, 414 F.3d 1203, 1206 n.4 (10th Cir. 2005) (rejecting general argument unsupported by legal authority and noting that an appellate argument is insufficient if the party fails to cite legal authority or present a developed argument). Similarly, the photograph of a meat slicer, without more, is not evidence of a violation of the permanent injunction.

We turn to the question of supervision, which the district court and Mr. Cottriel acknowledged was the critical issue. Mr. Cottriel contends that the preparation of kosher meals requires supervision by "highly-competent skilled and learned Jews [who] have supervised the entire process: the source, preparation and service of the [meal or individual product"]. Aplt. Opening Br. at 7 (internal quotation marks omitted). He relies on the prison protocol approved by Chaplain Friedman for supervision of kosher-meal preparation at the prison.

The district court also relied on the protocol approved by Chaplain Friedman, which states that "the procedures contained in the referenced protocol are acceptable for correctional food service operations" provided certain conditions are met, including as relevant here, "personnel involved in the handling and preparation [be]

provided with adequate training." R. at 1234. Based on the affidavits of the prison food service managers, Hernandez and Weldon, the district court determined that inmate Gibson's training was not deficient. And the district court pointed out that "[t]here is no requirement in the [permanent injunction] that [the Director] provide training to any individual, including [inmate] Gibson, by a rabbi or a practicing Jew, and the fact that Gibson was not trained by a rabbi or practicing Jew does not render his training inadequate or deficient." *Id.* at 1421. Mr. Cottriel has not provided any basis for his challenge to the district court's holding that the supervision of kosher meals complied with Chaplain Friedman's approved protocol and the preliminary injunction. Consequently, the district court did not abuse its discretion in holding that the Director was not in contempt.

Mr. Cottriel argues that the Director's failure to provide him an acceptable kosher diet was in bad faith. But bad faith is irrelevant to civil contempt. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act."); *cf. In re Kendall*, 712 F.3d 814, 831 (3d Cir. 2013) (distinguishing criminal and civil contempt, stating good faith is not a defense to civil contempt); *United States v. Puerto Rico*, 642 F.3d 103, 108 n.8 (1st Cir. 2011) (noting that "good faith will not excuse civil contempt" (internal quotation marks omitted)); *Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002) ("Good faith is not a defense to

- 7 -

civil contempt; the question is whether the alleged contemnor complied with the court's order.").

Mr. Cottriel also argues that the steps the Director took to address and correct his complaints about the kosher meals did not absolve him of contempt. He maintains that because those steps were taken after he filed the contempt motion and after the district court ordered the Director to respond, the Director's past failures require a finding that he was in contempt of the permanent injunction. As noted above, the purpose of a civil-contempt sanction is remedial and is intended to benefit the complainant. *Kuykendall*, 371 F.3d at 752. "In civil contempt, the contemnor is able to purge the contempt . . . by committing an affirmative act [to bring himself into compliance]." *Lucre Mgmt. Group, LLC v. Schempp Real Estate, LLC (In re Lucre Mgmt. Group, LLC)*, 365 F.3d 874, 876 (10th Cir. 2004) (internal quotation marks omitted). Therefore, under these circumstances, the fact that the Director addressed Mr. Cottriel's complaints about the kosher meals after he filed his contempt motion does not dictate a finding of contempt.

### III.    Pending Motions

Mr. Cottriel's "Request to Take Judicial Notice" is denied. He asks this court to take judicial notice of an undated newspaper article, as well as prison grievances he filed in June, July, and August of 2014. These documents were not submitted to the district court, so we do not consider them. *See Keith v. Koerner*, 707 F.3d 1185, 1190 (10th Cir. 2013) (refusing to consider correspondence submitted with appellate

brief because it was "additional evidence not submitted to the district court").

Mr. Cottriel's "Motion in Limine" asking this court to omit any reference to the nature of his underlying conviction or the length of his sentence is denied as moot.

**IV.   Conclusion**

The district court did not abuse its discretion in finding that the Director was not in contempt.  The judgment of the district court is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge