FILED
United States Court of Appeals
Tenth Circuit

October 10, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEON A. LEONARD,

    Plaintiff - Appellant,

v.

LINCOLN COUNTY BOARD OF
COMMISSIONERS; LINCOLN
COUNTY SHERIFF'S DEPARTMENT;
SHERIFF M. SHANE JOHNSON;
LT. JOHN STETZENBACH; LT.
(FORMERLY SGT.) BRANDON
SIMPSON,

    Defendants - Appellees.

No. 19-8011
(D.C. No. 1:18-CV-00171-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HARTZ**, Circuit Judges.
_____

Deon Leonard, a former inmate in the Lincoln County Detention Center

(LCDC) in Kemmerer, Wyoming, appearing pro se,[1] brought this civil-rights action

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Leonard is proceeding pro se, we construe his pleadings liberally. _See Ledbetter v. City of Topeka_, 318 F.3d 1183, 1187 (10th Cir. 2003).

under 42 U.S.C. § 1983 against the above-named individual and institutional defendants. On screening, the district court dismissed most of his claims but concluded that two of his claims against the individual defendants—the claims concerning the food he was provided at LCDC (the "food claim") and an inmate-on-inmate assault (the "assault claim")—were cognizable and required a response.

The court later granted the individual defendants' motion to dismiss the food and assault claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6), concluding that the defendants were entitled to qualified immunity on both claims because Leonard failed to show either a violation of a constitutional right or that the rights at issue were clearly established. *See Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (on motion to dismiss based on qualified immunity, courts consider "whether the facts that a plaintiff has alleged make out a violation of a constitutional right" and "whether the right at issue was clearly established" (internal quotation marks omitted)). In ruling on the motion, the court reviewed both the complaint and the attached exhibits, including the written grievances Leonard filed, communications between him and jail staff relevant to his claims, various LCDC records, and communications between Leonard and other agencies (such as the Wyoming Department of Agriculture (WDOA)) regarding his complaints about LCDC. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits

2

to the complaint."); *see also Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969) (courts are not bound to accept as true those allegations in the complaint that inaccurately describe exhibits attached to the complaint).  Leonard appeals only the order dismissing the food and assault claims against the individual defendants.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

With respect to the food claim, Leonard alleged that the individual defendants were deliberately indifferent to his health and well-being because LCDC did not provide enough food and repeatedly provided food that was not served at the proper temperature.  *See Ramos v. Lamm*, 639 F.2d 559, 570-71 (10th Cir. 1980) (State must provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it"); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (to prevail on claims of denial of food or other necessities, prisoner must allege a "sufficiently serious" deprivation and that the official acted with "deliberate indifference to a substantial risk of serious harm to an inmate" (internal quotation marks omitted)).  The allegations in Leonard's complaint and the attached exhibits established that he filed several grievances about his food-related complaints and that LCDC took steps to correct the problems he complained about, including serving meals on covered stackable insulated trays.  The exhibits also showed that WDOA conducted two investigations in response to Leonard's complaints and found no violations.  The complaint indicates that after LCDC started using stackable food trays his health complaints stopped.

3

The district court ruled that Leonard had not shown a constitutional violation because his allegations and the exhibits demonstrated that (1) the WDOA investigations concluded that LCDC "followed appropriate guidelines for the inmates' caloric intake and the food was prepared in accordance with (or exceeding) the applicable health code standards"; (2) Leonard did not experience a "sufficiently serious deprivation of his food necessities"; (3) jail officials were "very responsive" to his complaints; and (4) two of the individual defendants had no personal involvement in the alleged violations. R. at 175-76. The court also determined that Leonard had made "no showing that the law would put these [defendants] on notice that their actions in relation to his food-quality complaints amounted to knowingly disregarding an excessive risk to [his] health or safety, particularly considering the corrective actions the jail . . . took to address his complaints." R. at 178.

For the assault claim, Leonard alleged that the individual defendants were deliberately indifferent to his health and safety by failing to protect him from being assaulted by another inmate, Christopher Harrell, with whom he had had numerous verbal confrontations. *See Ramos*, 639 F.2d at 572 (inmates have a constitutional right "to be reasonably protected from constant threats of violence . . . from other inmates"); *Barney*, 143 F.3d at 1310 (prison official not liable for failure to protect prisoner's safety absent showing of deliberate indifference). The exhibits established that Leonard told a jail staff member that he was "having issues with another inmate" who had broken his glasses, but he refused to name the other inmate. R. Doc. 9-3 at 1, 16. Also, he submitted a "general request" reporting that Harrell was arguing with

4

other inmates about use of the shared television, R. at 14, Doc. 9-3 at 6, and a grievance describing Harrell as a "pred[a]tor," complaining about his channel-changing behavior, and requesting that "something [be done] with [Harrell,] as he is creating a serious problem." R. Doc. 9-3 at 8. Within hours after he submitted the grievance, Leonard and Harrell got into a physical fight when Leonard taunted Harrell and Harrell responded by hitting him.

The district court concluded that Leonard had plausibly established a sufficiently serious deprivation but did not plausibly plead a constitutional violation because his allegations did not demonstrate that the defendants were deliberately indifferent to his safety. It explained that Leonard did not report most of the verbal confrontations to the defendants or identify Harrell as the person who had broken his glasses, and that his general request and grievance did not put jail officials on notice that he was at risk of being assaulted. The court thus concluded that the complaint and exhibits did not demonstrate that the defendants "had any reason or basis to know of an excessive risk to Mr. Leonard's safety posed by Harrell." R. at 185.

For substantially the same reasons set forth in the district court's order we conclude that the district court properly dismissed Leonard's complaint. In so concluding, we reject his claim that the court improperly held him to the standard of an attorney and otherwise applied the wrong legal standards in ruling on the motion to dismiss. In particular, we reject his assertion that the court erred by not considering the supplemental pleadings he filed the day the court entered its order, which was more than three weeks after defendants filed their reply brief. The local

5

rule that governs briefing on dispositive motions allows for the motion and supporting brief, a response, and a reply; it does not permit surreplies. D. Wyo. Civ. R. 7.1(b)(2). Although courts construe pro se litigants' pleadings liberally, they "nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). We review a district court's application of its local rules for abuse of discretion. *Hernandez v. George*, 793 F.2d 264, 268 (10th Cir. 1986). Here, Leonard filed a response to the motion to dismiss, which he captioned as a "traverse," R. at 114, and without seeking leave of court, he filed two "Statement[s] of the Facts," *id*. at 139-66, further responding to defendants' motion and objecting to the fact that the Office of the Wyoming Attorney General was representing them. We find no abuse of discretion in the district court's ruling on the motion without awaiting pleadings not authorized by the local rules. *See Green*, 969 F.2d at 917, 919 (affirming dismissal of pro se plaintiff's complaint for failure to respond to motion to dismiss within time allowed by local rule and finding no abuse of discretion in district court's failure to rule on plaintiff's untimely motion to recuse). In any event, Leonard's supplemental filings made additional factual and legal arguments but provided no information that would have affected the district court's ruling.

We affirm the order dismissing Leonard's complaint for failure to state a claim and deny his motion for court-appointed appellate counsel.

Entered for the Court


Harris L Hartz
Circuit Judge